UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| In Re: ) | Chapter 11 |
| ) |  |
| DONNA J. BARNES, ) | Case No. 19-20400 |
| ) |  |
| Debtor ) |  |
| ) |  |

## DEBTOR'S APPLICATION FOR AUTHORITY
## TO EMPLOY ATTORNEYS NUNC PRO TUNC

Donna J. Barnes, debtor and debtor-in-possession (the "Debtor"), hereby applies to this Court, pursuant to Bankruptcy Code section 327(a), for an order authorizing her to employ Reid and Riege, P.C. ("Reid and Riege") as her attorneys in this case, nunc pro tunc to the date on which the Debtor filed her Chapter 11 case (the "Application") and, in support thereof, respectfully represents as follows:

1. On March 14, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Hartford Division. Since the Petition Date, the Debtor has continued in possession and management of her properties as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. Prior to the Petition Date, the Debtor employed Reid and Riege as her attorneys in connection with the financial difficulties facing her and her husband. As a result of such employment, Reid and Riege became familiar with the Debtor's financial situation and the potential legal issues which may arise in her Chapter 11 case.

3. The Debtor selected Reid and Riege as her attorneys because Reid and Riege is experienced in matters of this kind and nature. In addition, the Debtor has been informed that the shareholders and associates of Reid and Riege who will work on this case have been duly admitted to practice in this Court. Accordingly, the Debtor believes that Reid and Riege is well qualified to represent her in her Chapter 11 case in an efficient and timely manner and the Debtor wishes to employ such firm as her attorneys in this case.

4. The services of attorneys are necessary to the Debtor to enable the Debtor to execute her duties as a debtor in possession in this case. The professional services that Reid and Riege will perform include:

    a. Giving the Debtor legal advice with respect to her powers and duties as a debtor in possession and the continued management of her properties;

    b. Taking necessary action to enjoin and stay, until final decree, the continuation of judicial proceedings against the Debtor, if any;

    c. Representing the Debtor in connection with adversary proceedings which may be instituted in this Court;

    d. Preparing on behalf of the Debtor the necessary applications, motions, complaints, answers, orders, reports and other legal papers; and

    e. Performing all other legal services for the Debtor which may be necessary in this case.

5. To the best of the Debtor's knowledge, Reid and Riege has no connection with the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States

trustee except as stated in the annexed affidavit of Jon Newton, represents no interest adverse to the Debtor or her estate; and is disinterested as that term is defined in Bankruptcy Code section 101(14).

6. Reid and Riege has indicated its willingness to serve as attorneys for the Debtor and to receive compensation on an hourly basis for professional services rendered and expenses incurred in accordance with the provisions of Bankruptcy Code sections 330 and 331. For services to be rendered, Reid and Riege will charge its normal hourly rates: $215.00 to $235.00 for paraprofessionals; $210.00 to $270.00 for associates; and $310.00 to $595.00 for shareholders. It is expected that Jon Newton and Charles Filardi will perform many of the bankruptcy related services. The hourly rate for Jon Newton is $495.00 and for Charles Filardi is $465.00. In addition, Reid and Riege requests reimbursement of expenses incurred and out-of-pocket disbursements made. Reid and Riege understands that it will seek Court approval for the payment of its fees and expenses under the applicable provisions of the Bankruptcy Code.

7. To the best of the Debtor's knowledge, no promises have been received by Reid and Riege as to compensation in connection with this case other than in accordance with the Bankruptcy Code. Reid and Riege has no agreement with any other entity to share with such entity any compensation received by it. Reid and Riege received a retainer of approximately $22,879.00 prior to the commencement of this case.

8. Further, the Debtor requests that Reid and Riege's employment be approved on a nunc pro tunc basis, so that Reid and Riege's retention would be effective as of the Petition Date. Since the Petition Date, Reid and Riege has attended to various matters which required its immediate attention, including, *inter alia*, preparing for and attending the Initial Debtor Interview (the "IDI") conducted by the Office of the United States Trustee, including compiling the various documents

submitted in connection with the IDI; preparing for and attending the case management conference held before the Court; advising the Debtor with respect to, among others, insurance and banking issues; preparing and filing the Debtor's Chapter 11 schedules; and preparing for and attending the section 341 meeting of creditors.

9. Notice of this Application has been given to, among others, the Office of the United States Trustee for the District of Connecticut.

10. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Debtor's employment of the law firm of Reid and Riege to represent her as debtor in possession in this case, nunc pro tunc to the Petition Date, and granting the Debtor such other and further relief as the Court deem just and proper.

Dated at Avon, Connecticut, this 11th day of April, 2019.

DONNA J. BARNES

By___/s/ Donna J. Barnes_____
Donna J. Barnes