UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In Re: | ) ) | Chapter 11 |
| DONNA J. BARNES, | ) ) ) | Case No. 19-20400 |
| Debtor | ) ) ) |  |

**DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**
**ON PRELIMINARY AND FINAL BASIS**

TO THE HONORABLE JAMES J. TANCREDI, UNITED STATES BANKRUPTCY JUDGE:

Donna J. Barnes, debtor and debtor-in-possession (the "Debtor"), by and through her counsel, Reid and Riege, P.C., hereby submits a Motion for Use of Cash Collateral on Preliminary and Final Basis (the "Motion") and, in support thereof, respectfully represents as follows:

1. On March 14, 2019 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Hartford Division. Since the Filing Date, the Debtor has continued in possession and management of her properties as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtor and her husband, who is not a debtor under the provisions of the Bankruptcy Code, own real estate located at 33 Bay Street, Westerly, Rhode Island 02891 (the "Property"). The Property is subject to certain mortgages in favor of UBS and Shem Creek Haystack, LLC ("Shem Creek"). By virtue of their mortgages and related documents, UBS and Shem Creek may claim liens and secured interests in the rents derived from the Property (UBS,

and Shem Creek, together with any such other party receiving notice of the Motion which asserts a security interest in the rents of the Property, the "Secured Creditors").

3. The Debtor, in an effort to generate income to address both certain of the expenses associated with the Property and her own, personal expenses, has agreed to rent the Property to various tenants for up to approximately $7,000 per week, during the prime season of Summer (weekend and off season prices may vary). The Debtor personally manages the Property, in lieu of a management company.

4. The rents generated by the Property fall within the definition of "cash collateral" in 11 U.S.C. section 363(a).

5. As a result of the Secured Creditors' claims in the rents, the Debtor may have insufficient unencumbered cash with which to operate the Property to preserve its value for the benefit of the estate.

6. By this Motion, the Debtor seeks Court authorization to use the Secured Creditors' cash collateral, both on a preliminary and final basis. The budget attached hereto as **EXHIBIT A** includes both the Debtor's request to use such cash collateral on a preliminary basis for the period through July 31, 2019, and the Debtor's request to use cash collateral on a final basis from August 1, 2019 through September 30, 2019. Subject to the terms and conditions herein, the Debtor shall be authorized to use the funds encumbered by the Secured Creditors to pay such expenses.

7. In consideration for the Debtor's use of the Secured Creditors' cash collateral and to adequately protect the interests of the Secured Creditors in the event that it is determined by this Court that the Secured Creditors possess valid, duly perfected, non-avoidable and enforceable pre-petition liens in the Debtor's rents, the Debtor proposes to grant to the Secured Creditors a

replacement lien upon and a security interest in the Debtor's assets pursuant to Bankruptcy Code section 361(2) but only to the extent that this Court determines that the Secured Creditors possess valid, duly perfected, non-avoidable and enforceable pre-petition liens.

8. The Debtor's need to use the cash is compelling. Her use of the cash will be for the purposes of maintaining, operating, enhancing, preserving and protecting the value and integrity of the Property, which will inure to the benefit of the estate. It will also allow her to generate income to address her own, ongoing expenses. The Debtor believes that the entry of an order authorizing the use of cash as described herein will be in the best interests of the estate. Conversely, prohibition of the use of cash could contribute to the deterioration of the Property.

WHEREFORE, the Debtor respectfully requests that the Court to enter an order authorizing the Debtor to use the funds encumbered by the Secured Creditors in accordance with the budget attached hereto as **EXHIBIT A** and as set forth herein, and to grant the Debtor such other and further relief as is just and equitable.

Dated at Hartford, Connecticut, this 28th day of June, 2019.

DONNA J. BARNES

By   /s/ Jon P. Newton
   Jon P. Newton, Esq.
   Federal Bar No. ct03376
   Reid and Riege, P.C.
   Her Attorneys
   One Financial Plaza
   Hartford, CT 06103
   (860) 278-1150