UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re:<br><br>DONNA J. BARNES,<br><br>    Debtor<br><br>DONNA J. BARNES,<br><br>    Movant<br>v.<br><br>BRETT, MARK,<br>REINHART FOOD SERVICE, LLC,<br>RTM CAPITAL PARTNERS, et al.,<br>SHEM CREEK HAYSTACK, LLC,<br>SOLAZ, DAN,<br>UBS,<br>    Respondents | Chapter 11<br><br>Case No. 19-20400<br><br>Re: ECF Nos. 63 |

## PRELIMINARY ORDER GRANTING DEBTOR'S AMENDED MOTION FOR USE OF CASH COLLATERAL

Upon consideration of the Debtor's Amended Motion for Use of Cash Collateral on Preliminary and Final Basis (the "Motion" ECF No. 63) filed by Donna J. Barnes, debtor and debtor-in-possession (the Debtor"), by and through her counsel, Reid and Riege, P.C., after due notice and a hearing, and it appearing to the Court that just cause exists to grant the Motion on a preliminary basis, it is hereby:

**ORDERED,** that the Motion is granted; and it is further

**ORDERED,** that the Debtor is authorized to use the rental income derived from the Debtor's property located at 33 Bay Street, Westerly, Rhode Island 02891 (the "Property") subject to the claimed secured interests of UBS, and Shem Creek Haystack, LLC (together with any such other party receiving notice of the Motion which asserts a security interest in the rents of the Property, the "Secured Creditors") in the amounts and for the purposes of paying insurance for the Property and real estate taxes, as set forth in the budget attached hereto through July 23, 2019, and it is further

**ORDERED,** that each of the Secured Creditors is hereby granted a post-petition lien upon and security interest in the Debtor's assets (excluding all Chapter 5 causes of action), with the same validity, extent and priority as the pre-petition lien and security interest, if any, of each of the Secured Creditors pursuant to 11 U.S.C. section 361(2) to the extent of any diminution in the value of each Secured Creditor's pre-petition lien and security interest; however, the secured position of the Secured Creditors that existed on the Filing Date may not be improved by virtue of the granting of the replacement liens as set forth herein; and it is further

**ORDERED,** that notwithstanding any provision of this Order, nothing herein shall be deemed to be an adjudication or a declaration by the Court of rights with respect to the existence, validity, enforceability, subordination or priority of any liens or security interests granted by the Debtor or allegedly possessed by any Secured Creditor prior to the Filing Date. This Order does not provide for cross collateralization. This Order is without prejudice to any party-in-interest challenging the validity of any liens or security interest of the Secured Creditors; and it is further

**ORDERED,** that the post-petition liens and security interests of the Secured Creditors are subject and subordinate to U.S. Trustee fees payable pursuant to 28 U.S.C. section 1930; allowed professional fees awarded by the Court pursuant to 11 U.S.C. sections 330 and 331; and post-petition taxes; and it is further

**ORDERED,** that a final hearing on the Motion shall be held on July 23, 2019 at 11:00 a.m. at the United States Bankruptcy Court, 450 Main Street, 7th Floor Courtroom, Room 715B, Hartford, Connecticut; and it is further

**ORDERED,** that prior to next Cash Collateral hearing, the Debtor shall cause an appropriate affidavit to be filed which summarizes the liens/mortgages of record on the subject property by reference to the holder and obligor, nature and date of the lien, pertinent land recording information and the original and current amount on the lien. At the hearing, the debtor shall address which liens are subject to bona fide dispute, which lienholders affirmatively consent and demonstrate that there was good and sufficient service upon Mr. Barnes, alleged co-owner of the Property, and address his consent or treatment of his interest under the Cash Collateral Order.

Dated at Hartford, Connecticut this 3rd day of July, 2019.



*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

EXHIBIT A

Estimated Rental Income and Expenses for Cottage: Barnes 33 Bay Street

| | May | June | July | August | September | NOTES |
|---|---|---|---|---|---|---|
| ESTIMATED TOTAL INCOME FROM COTTAGE RENTAL | 1580.64 (Actual) | 7500 (actual will be close to estimate) | 20,800 | 15,000 | 2000 | Cancel policy is Before 30 days 100% refund Before 15 days 50% refund |
| **ESTIMATED COTTAGE COSTS TO BE PAID** | | | | | | |
| Cleaning Cost* | 400 | 1200 | 800 | 400 | 400 | Cost $200/cleaning |
| Management Fee 10%** | 158 | 750 | 2080 | 1500 | | ** 10 % of rental cost |
| Cable TV | | 185 | 185 | 185 | 185 | |
| Electricity (est***) | 250 | 250 | 300 | 300 | 200 | *** billed to property as a total. |
| Gas (est) | 314 | 314 | 314 | 314 | 314 | Full tank delivered May $1574.99 divided among main usage months |
| 1% Tax Due (7% taxes were prepaid. | 15 | 75 | 208 | 150 | 30 | |
| Repairs/Upkeep | 200 | 200 | 100 | 100 | 100 | I can provide receipts as needed |
| Supplies | 65.18 | 120.00 | 40.00 | 40.00 | 40.00 | Cleaning Supplies Etc, I can provide receipts as needed |
| ESTIMATED TOTAL COST COTTAGE ONLY | 1402.18 | 3094 | 4027 | 2989 | 1269 | |
| **ESTIMATE ESTATE COSTS TO BE PAID** | | | | | | |
| Insurance* | | 5913.09 | 1795.98 | 1795.98 | 1795.98 | * For full estate. |
| Excess Insurance* | | 66.76 | 66.76 | 66.76 | 66.76 | |
| Taxes Past Due Fire District | | | 5905.25 | | | |
| Failed Window to be Repalced | | | 500.00 | | | |
| Lawn mowing | 250 | 250 | 250 | 250 | 250 | Also Early Spring to Fall |
| Pool Maintenance**** | | 500 | 500 | 500 | 500 | |
| Main House Gas | | | | | | |
| Main House Electricity | 550 | 550 | 650 | 650 | 550 | |
| Garden Mulch | | 32 | 64 | | | |
| Water Bill | 103 | 206 | 312 | 312 | 206 | |

| | May | June | July | August | September | NOTES |
|---|---|---|---|---|---|---|
| Home Maintenance | | | 500 | 800 | 800 | Will provide receipts as needed |
| ESTIMATED TOTAL COTTAGE AND ESTATE | 2305.18 | 10547.85 | 14570.99 | 7363.75 | 5437.74 | |
| I would like to be able to use rental income after expenses to pay bills associated with the estate as a whole. | *I have not hired a cleaning company I am doing all the work myself | **I have not hired a management company I am managing the property myself. | **** I am the gardener, house cleaner, laundress, pool tech etc to keep our costs down. | | | |