**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|   |   |
|---|---|
| In re: | ) |
|   | ) |
| DONNA J. BARNES, | ) Chapter 11 |
|   | ) Case No. 19-20400 |
| Debtor. | ) |
|   | ) |

**REINHART FOODSERVICE, L.L.C.'S JOINDER IN**
**OBJECTION TO DISCLOSURE STATEMENT**

Now comes Reinhart Foodservice, L.L.C. ("Reinhart"), by and through its undersigned counsel, and hereby joins, in material part, the Interested Parties' Objection to Disclosure Statement (Doc. No. 132, the "Objection"), and in support thereof states as follows:

1. Reinhart is a leading food service supplier that obtained a judgment against Debtor's spouse, James Barnes, and docketed the judgment as a lien against Debtor's real property in Connecticut and Rhode Island. Reinhart timely filed proof of claim 12 in this case.

2. Reinhart supports the Interested Parties' Objection that the Debtor's Disclosure Statement (Doc. No. 127) does not provide adequate information within the meaning of 11 U.S.C. § 1125(a), with respect to the proposed liquidation of, and impact of liens against, the Rhode Island Home and Connecticut Home.[1] Without a further explanation of process to be followed in connection with the sales and the rights and protections afforded to the lienholders such as the Interested Parties and Reinhart, the Disclosure Statement should not be approved.

3. While joining the Objection with respect to the lack of adequate information under § 1125, Reinhart does not necessarily adopt all the statements in the Objection relating to other issues, such as the Debtor's ability to approve a sale under § 363 (absent Reinhart's

---

[1] Capitalized terms shall have the meanings given in the Objection, unless otherwise set forth herein.

consent), the division of proceeds between Mr. Barnes and the Debtor, or any other matters not presently before the court. Reinhart specifically reserves all rights in connection with such issues, including, without limitation, approval of any plan, any bidding procedures, or any ultimate sale of the Rhode Island Home.

4. To be clear, Reinhart supports the notion of a sale of the Rhode Island Home and the Connecticut Home, and is willing to explore arrangements and agreements such that a consensual resolution of such sales can be achieved. But, pending the filing of such motion to sell, or the incorporation of more detail into the Disclosure Statement and Plan, Reinhart asserts the Disclosure Statement cannot be approved as filed, and reserves all other rights.

WHEREFORE, Reinhart respectfully requests that the Court decline to approve the Debtor's Disclosure Statement as filed, and grant such further or additional relief as determined by the Court.

**REINHART FOODSERVICE, L.L.C.**

by its attorneys,

/s/ Gary M. Weiner, Esq.
Gary M. Weiner, Esq., BBO # 548341
Robert E. Girvan, III, Esq.  BBO #569063
WEINER LAW FIRM, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
Tel. No. (413) 732-6840
GWeiner@weinerlegal.com
Date:  October 16, 2019