## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| DONNA J. BARNES | : | Case No. 19-20400 |
| Debtor | : | Re: ECF 127 |

## OBJECTION OF LH VT HOUSE, LLC TO
## ADEQUACY OF DISCLOSURE STATEMENT

Pursuant to Fed. R. Bankr. P. 3017, LH VT House LLC ("LH") hereby submits this Objection to the Disclosure Statement [ECF 127] for Debtor's Plan for Reorganization filed by Debtor Donna J. Barnes (the "Debtor") on October 4, 2019.

1.  The Debtor filed her Chapter 11 Voluntary Petition on March 14, 2019. [ECF 1]. Pursuant to Debtor's Amended Schedules [ECF 48], one of Debtor's primary assets is a house located at 33 Bay Street, Westerly, Rhode Island (the "Property"). The Debtor owns the Property jointly with her non-debtor spouse, James Barnes, as "tenants by the entirety." James Barnes has not filed for bankruptcy, either individually or jointly with the Debtor.

2.  Prior to the petition date, LH obtained a judgment against James Barnes individually in the amount of $1,182,639.80. On March 12, 2019, LH recorded a Writ of Execution against the Rhode Island Property in the same amount (the "LH Lien").[1] Pursuant to the Writ of Execution, LH has a perfected lien on the Property. The judgment remains unpaid.

3.  "Tenancies by the entirety" are recognized, and are a very common form of home ownership, in Rhode Island. *See Cull v. Vadnais*, 406 A.2d 1241, 1244 (R.I. 1979). Estates by the

---

[1] Under Rhode Island, a Write of Execution recorded on the land records has the same effect that a judgment lien would have under Connecticut law.

entirety "are…uniquely premised upon the common law doctrine that husband and wife are one, so that they take the whole estate as a single person." *Id.* "Each party holds all, but neither holds a separate share. As a result, neither the husband nor the wife can dispose of his or her part without the consent of the other." *Id.* Although a spouse's interest in real property held by the entirety is not subject to levy and sale on execution in Rhode Island, it is still subject to attachment. *Id.* at 1245.

4.  The Debtor has submitted her Disclosure Statement and proposed Plan. The Plan contemplates the sale of the Property as the primary source in order to fund the Plan. Additionally, Debtor has filed an Adversary Complaint against Mr. Barnes seeking permission pursuant to 11 U.S.C. § 363(h) to sell her and Mr. Barnes' interests the Rhode Island Property. *Barnes v. Barnes*, Adv. Pro. No. 19-02025.

5.  In her Disclosure Statement and proposed Plan, the Debtor fails to disclose (i) that the Property is owned by the Debtor and James Barnes as "tenants by the entirety," (ii) the existence of LH's lien against the Property or (iii) how the LH lien will be treated in plan sale of the Property.[2]

6.  Pursuant to 11 U.S.C. § 1125(b), the Debtor, prior to seeking confirmation of her Plan, must provide a disclosure statement containing "adequate information." Adequate information is defined in pertinent part as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan…

---

[2] Likewise, the Debtor failed to name LH as a Defendant and/or interested party in the pending Adversary Complaint seeking authorization for a sale of the Rhode Island Property.

11 USCS § 1125(a).

7. "Section 1125(b) of the Code gives the Court the authority to decline approval of a disclosure statement if it does not give 'adequate information' to the entities that will have to vote on the plan. If, on the face of the plan, the plan could not be confirmed, then the Court will not subject the estate to the expense of soliciting votes and seeking confirmation." *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. VA. 1986).

8. The Debtor's Disclosure Statement does not provide "adequate information" and, on its face, the proposed Plan is not confirmable.

9. The Plan contemplates the sale of the Property and that the sale proceeds will be the primary source to fund the Plan. However, as indicated above, neither the Disclosure Statement nor the proposed Plan disclose (i) that the Property is owned by the Debtor and James Barnes as "tenants by the entirety," (ii) the existence of LH's lien against the Property[3] or (iii) how the LH lien will be treated in the plan sale of the Rhode Island Property.

10. Perhaps the most basic information required by a creditor in order to make a prudent determination of whether or not to vote in favor of a plan of reorganization is (i) who owns the assets being sold under the plan, (ii) what are the liens against the assets being sold under the plan, and (iii) to whom, and in what priority will sale proceeds be distributed. *See In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) ("A disclosure statement should contain all material information relating to the risks posed to creditors and equity interest holders under the proposed plan of reorganization.").

11. Section 363(h) sets forth the requirements for a trustee and/or a debtor in

---

[3] Upon information and belief, there are other liens asserted against the Rhode Island Property by *inter alia* Reinhart Foodservice, LLC, RTM Capital Partners Inc., 15-Hermitage, LLC and Matthew Curtis. These creditors have submitted Objections to Debtor's Disclosure Statement on similar grounds.

possession to sell property in the bankruptcy estate that is owned by a debtor and non-debtor as tenants by the entirety.  It provides, in pertinent part:

> …, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as … tenant by the entirety, only if—
>
> \*\*\*
>
> (2)     sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3)     the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners;
>
> \*\*\*

12.     As neither the Disclosure Statement nor the Plan disclose the existence of James Barnes' ownership interest in the Property, the LH Lien against James Barnes' ownership interest in the Property, or how these interests will be addressed under Section 363(h), the Disclosure Statement does not satisfy the "adequate information" requirement in Section 1125(b) and the Plan is not confirmable on its face.  Accordingly, the Disclosure Statement, in its current form, cannot be approved.

13.     On information and belief there is no equity in the Property, either for the Debtor's interest or the non-debtor's interest.  Therefore, the Debtor cannot sell her interest in the Property without first obtaining an order permitting a sale free and clear of liens under Bankruptcy Code Section 363(f).  The Debtor cannot sell the non-debtor spouse's interest without first paying in full or obtaining the consent of all of the lienholders, as the undersigned's preliminary research suggests that Bankruptcy Code Section 363(f) cannot be used to sell a non-debtor's interest free and clear of liens.  The Plan does not provide for the payment of the

lienholders on the interest of the non-debtor spouse, and the Disclosure Statement does not indicate whether any of such lienholders have consented to the sale, thus making the Plan unconfirmable on its face.  As the Disclosure Statement does not address any of these legal issues, LH reserves the right to object to any amended disclosure statement on any and all grounds including issues regarding (i) to the Debtor's ability to sell the Rhode Island free and clear of the LH Lien, and (ii) the treatment of the LH Lien upon sale.

      WHEREFORE, LH objects to the adequacy of the Disclosure Statement.

      LH VT HOUSE, LLC

Dated:  October 22, 2019      By: ___/s/ Scott D. Rosen_____
      Scott D. Rosen
      COHN BIRNBAUM & SHEA P.C.
      100 Pearl Street, 12th Floor
      Hartford, CT 06103
      Tel. 860-493-2200
      Fax. 860-727-0361
      Email: srosen@cbshealaw.com
      Its Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2019, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Scott D. Rosen
Scott D. Rosen

196414v1