### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-20400 |
| DONNA J. BARNES, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | October 30, 2019 |
| ) | |

### INTERESTED PARTIES' OBJECTION TO
### MOTION FOR RELIEF FROM AUTOMATIC STAY

Interested parties RTM Capital Partners, Inc., LPV, 15-Hermitage, LLC and Matthew Curtis (collectively, "Lienholders") respectfully object to UBS Bank USA's (the "Bank") Motion for Relief from Automatic Stay filed October 16, 2019 [ECF # 135]. The Bank's motion fails to provide adequate legal support to justify relief from the automatic stay, pursuant to 11 U.S.C. § 362, with respect to certain real property of the Debtor and James R. Barnes having an address of 33 Bay Street, Westerly, Rhode Island 02891 (the "Property"). The Bank cannot satisfy the elements of 11 U.S.C. § 362(d) that are required to obtain relief from the automatic stay and its motion should be denied.

Section 362(d)(1) of the Bankruptcy Code provides that relief from the stay may be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." Here, the Bank's interest in the Property is adequately protected. "An equity cushion in and of itself may be sufficient to constitute adequate protection to sustain the automatic stay." *In re Gaslight Village Inc.*, 8 B.R. 866, 871 (Bankr. D. Conn. 1981). According to Debtor's Amended Schedule A, the Property has an estimated market value of $11,000,000.00 [ECF # 48]. After consulting a real estate broker engaged by the Debtor after Court approval, the Debtor listed the Property for sale at an asking price of approximately $18,000,000.00. In its Motion for Relief, the Bank admits that its total debt

encumbering the Property was only $2,049,272.00 as of September 4, 2019 [ECF # 135]. The Bank holds a first priority lien on the Property. Thus, as of September 4, 2019, the Bank has an enormous equity cushion, estimated between $8.9 and $15.9 million greater than the Bank's mortgage debt. When prosecuting a motion for relief from stay, the movant bears the burden of proof to show that the Debtor has no equity in the subject property. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). The Bank has not made any serious attempt to show that the Debtor lacks equity in the Property or that any other "cause" exists for lifting the automatic stay. The fact that post-petition mortgage payments have not been made to the Bank, alone, is not sufficient justification for relief from the automatic stay. The Property is not declining in value and the equity cushion is so large that a lack of payments is not endangering the Bank's interest in the Property. Additionally, there is no other evidence in the record to support a finding of cause, sufficient under Section 362(d)(1) of the Bankruptcy Code.

Likewise, the Bank is unable to satisfy the requirements of Section 362(d)(2) of the Banking Code. That section provides that relief from an automatic stay with respect to an act against property may be obtained if, "(A) the debtor does not have an equity in such property, and (B) such property is not necessary to an effective reorganization."

Importantly, Section 362(g)(1) of the Banking Code puts the burden of proof, with respect to the Debtor's equity in property, on the party requesting relief from the stay (e.g. the Bank). In its Motion for Relief, the Bank has simply stated "there is no equity in the Property…" without citing any documents on the record or providing any other justification for this position. As such, the Bank merely offers a conclusory statement that fails to meet the burden of proof required under Section 362(g)(1) of the Banking Code.

Second, the Bank's claim that there is no equity in the Property is unsupported by the record. According to Debtor's Amended Schedule A, the Property has an estimated market value of $11,000,000.00, with the Debtor's share, as a Joint Tenant, valued at $5,500,000.00 [ECF # 48]. Again, the real estate broker, approved by the Court, put the

2277267

asking price for the Property at $18,000,000.00.  Only the Bank and Shem Creek Haystack, LLC have claims on both James R. Barnes' and the Debtor's shares of the Property.  Together, those mortgages are worth approximately $5,921,780.00.  This leaves somewhere between $5,078,220.00 and $12,078,220.00 to be split equally between James R. Barnes and the Debtor.  With no other creditors or lienholders having a claim to the Debtor's share, the Debtor may receive between $2,539,110.00 and $6,039,110.00.  Clearly, the Debtor has equity in the Property.

Finally, contrary to the Bank's position, the Property is necessary to an effective reorganization.  Because it is the Debtor's primary (if not only) source of revenue in the reorganization process, the Debtor requires the Property as part of its reorganization.  The only thing relief from stay would accomplish at this point is to disrupt the bankruptcy sale process that is already in motion and force the parties to expend unnecessary resources prosecuting a sale in two separate courts.  While relief from stay may one day be appropriate in the event a bankruptcy sale fails for whatever reason, the Bank's motion is premature.  As a result, the Lienholders respectfully request that the Court deny the Bank's motion for relief from the automatic stay.

INTERESTED PARTIES,
RTM CAPITAL PARTNERS, INC.;
LPV, 15-HERMITAGE, LLC; and
MATTHEW CURTIS

By: */s/ Kevin J. McEleney*
    Kevin J. McEleney (ct27673)
    Updike, Kelly & Spellacy, P.C.
    100 Pearl Street, PO Box 231277
    Hartford, CT 06123
    Tel.: (860) 548-2600
    Fax: (860) 548-2680
    kmceleney@uks.com
    *Their Attorneys*

2277267