UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ ) | | |
| In Re: ) | Chapter 11 | |
| ) | | |
| DONNA J. BARNES, ) | Case No. 19-20400 | |
| ) | | |
| Debtor ) | Re: ECF No. 135 | |
| _____ ) | | |
| UBS BANK USA, ) | | |
| ) | | |
| Movant ) | | |
| vs ) | | |
| ) | | |
| DONNA J. BARNES aka DONNA JO ) | | |
| BARNES fka DONNA J. FAHRBACK ) | | |
| and TRUSTEE ) | | |
| _____) | | |

## AMENDED OBJECTION TO MOTION FOR RELIEF FROM STAY (REAL PROPERTY)

TO THE HONORABLE JAMES J. TANCREDI, UNITED STATES BANKRUPTCY JUDGE:

Donna J. Barnes, debtor and debtor-in-possession (the "Debtor"), by and through her counsel, Reid and Riege, P.C., hereby objects (the "Objection") to the Motion for Relief from Automatic Stay (Real Property) (the "Motion") filed by UBS Bank USA ("UBS") and, in support thereof, respectfully represents as follows.

1. Contrary to the allegations in the Motion, the Debtor has filed a disclosure statement and plan in her Chapter 11 case, the basis of which is the sale of 33 Bay Street, Westerly, Rhode Island (the "Property"), which is the subject of the Motion. As UBS should be aware as its counsel was on notice, the disclosure statement was the subject of a hearing on October 23, 2019, at which the disclosure statement was effectively put on hold, in part, to possibly foster a proposed sale of the Property, all as was initially agreed to by virtue of that certain Scheduling Order Relating to Motion

to (I) Convert Case to Chapter 7, or (II) Terminate Exclusivity, or (III) Appoint Trustee (Doc. Id. No. 112) (the "Scheduling Order"). In fact, and as contemplated by the Scheduling Order, the Debtor obtained Court authority to retain a broker to sell the Property and that broker is the midst of the marketing effort, with a goal of identifying a buyer under a signed contract by December 2, 2019.

2. Also contrary to the allegations in the Motion, the Debtor, as well as other creditors in this case, believe there is equity in the Debtor's interest in the Property, which is held by the Debtor and her non-debtor husband as a tenancy by the entireties. Insofar as an issue in that respect remains, the Court, following the hearing on the disclosure statement, issued another scheduling order (see, e.g., Doc. Id. No. 149) in an effort to flesh out that, and other issues, which could impact the sale of the Property and the Debtor's reorganization effort. While it is true that the Debtor has not made a post-petition mortgage payment to UBS, there is a substantial equity cushion in UBS's favor which precludes the need to provide adequate protection to UBS. Notwithstanding, and given the large expenses associated with the Property, the Debtor has agreed to an expedited sales process to minimize the impact of accruing expenses.

3. The Property is indeed necessary to an effective reorganization of the Debtor; a reorganization which is reasonably achievable and underway, and which would result in satisfying the Debtor's obligation to UBS under the dictates of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests that this Court enter an order sustaining the Objection, denying the Motion, and granting the Debtor such other and further relief as is just and equitable.

Dated at Hartford, Connecticut, this 30th day of October, 2019.

                              DONNA J. BARNES

                    By    /s/ Jon P. Newton
                              Jon P. Newton, Esq.
                              Federal Bar No. ct03376
                              Reid and Riege, P.C.
                              Her Attorneys
                              One Financial Plaza
                              Hartford, CT 06103
                              (860) 278-1150
                              jnewton@rrlawpc.com